IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTIAN GAGNON,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 24-CV-5814** |
| : | |
| **JOSEPH KOZA,** : | |
|     **Defendant.** : | |

**MEMORANDUM**

**COSTELLO, J.**                                                                              **DECEMBER   4  , 2024**

Plaintiff Christian Gagnon, who is currently incarcerated at SCI Coal Township, brings this *pro se* action alleging violations of his civil rights during an arrest. Named as Defendant is Pennsylvania State Police Officer Joseph Koza. Gagnon seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Gagnon *in forma pauperis* status and dismiss his Complaint. He will be given leave to file an amended complaint if he can cure the deficiencies noted by the Court.

**I.    FACTUAL ALLEGATIONS**[1]

Gagnon asserts that he is currently being detained as a "pending technical parole violator." (Compl. at 4.) He claims that his rights were violated by State Trooper Joseph Koza on October 26, 2022, when he was travelling on I-76 in Philadelphia. (*Id.* at 2, 4.) Gagnon alleges that he was wrongfully arrested by Trooper Koza because he was honest about having a

---

[1] Gagnon used the form complaint available to unrepresented litigants to file his claims and included an additional handwritten supplement. (ECF No. 1.) The Court considers the entire submission to constitute the Complaint, to which the Court adopts the sequential pagination assigned by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are taken from Complaint and publicly available dockets. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

medical marijuana card.  (*Id.* at 5.)  Gagnon claims that Trooper Koza "didn't have his hat on, violated [his] Miranda rights, he didn't call a DRE, failed to conduct a field sobriety test properly although [Gagnon] passed with flying colors." (*Id.*)  Gagnon further claims that Trooper Koza "lied about all the charges" and impounded his car, which adversely affected Gagnon's livelihood, his girlfriend, and his pets.  (*Id.*)  According to Gagnon, the charges were dropped "but the damage was done."  (*Id.*)[2]

Gagnon attached to the form complaint a rambling, three-page handwritten supplement in which he provides further allegations regarding his arrest, among other topics.  (*See id.* at 12-14.)  Therein, Gagnon asserts that he has a medical marijuana card, that he was not intoxicated while driving, that he did not violate traffic laws, and that he was arrested because he was honest with Trooper Koza.  For example, Gagnon claims that he has "encountered a multitude of people who have been charged with a DUI for having their medical marijuana card" and asks "is this the state[']s way of punishing people for marijuana becoming legal?"  (*Id.* at 12.)  He claims that the blood test results prove that he "was not DUI" and that the "state never tried to appeal the dismissal of all charges."  (*Id.*)  He further contends that he could not have been speeding because there is always a traffic jam at the stretch of highway at the time of day that the arrest occurred, and that he would not drive on the shoulder as alleged because he would not want to damage his car.  (*Id.*)

---

[2] The state court docket system reflects that Gagnon was charged with DUI and other traffic offenses, including reckless driving, careless driving, improper passing, disregarding a traffic lane, speeding, as well as driving an unregistered vehicle and failing to have proof of insurance.  *See Commonwealth v. Gagnon*, MC-51-CR-0018793-2022 (C.P. Phila.).  The basis for the May 24, 2023 dismissal of the charges is listed as "Rule 1013 (Speedy Trial)."  *Id.*  The Philadelphia District Attorney's Office appealed the dismissal; however, the appeal was denied by the Commonwealth Court.  *Id.*

2

According to Gagnon, Trooper Koza could not have smelled marijuana because Gagnon "didn't smoke for over 6 hrs that day and all of [the] windows were down." (*Id.*) Gagnon claims that he has smoked marijuana "all of [his] life" and that it "has never caused [him] to be impaired like alcohol would no matter how much [he] smoked." (*Id.* at 13.) Gagnon asserts that he was not intoxicated and that he passed with field sobriety test, so a "DRE" – apparently a reference to a "drug recognition expert" – should have been called. (*Id.*) He also indicates that he did not know where his registration and insurance card were when he was stopped and that Trooper Koza knew that the car was registered and insured when he ran the license plate. (*Id.* at 14.) Additionally, Gagnon claims that his "house was robbed on 10/31/22," which cause further personal and financial difficulties for him. (*See id.* at 14.)

Gagnon alleges that he has suffered mental distress and financial hardship due to Trooper Koza's actions. (*Id.*) He seeks injunctive relief[3] and monetary damages. (*Id.* at 5, 14.)

## II.    STANDARD OF REVIEW

The Court will grant Gagnon leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[3] Gagnon seeks the termination of Trooper Koza's employment. (Compl. at 5.) The Court is not empowered to grant such relief as a remedy under § 1983. *Buskirk v. Pennsylvania Bd. of Prob. & Parole*, No. 22-1826, 2022 WL 4542094, at *2 (E.D. Pa. Sept. 28, 2022) (stating "the Court has no authority to terminate the employment of a state employee").

[4] However, since Gagnon is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Gagnon is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.    DISCUSSION

Gagnon presents claims under 42 U.S.C. § 1983 pursuant to the Court's federal question jurisdiction.  (*See* Compl. at 3.)  He lists the claims as "illegal search and seizure," "Due Process Miranda violation," "Cruel & Unusual Punishment," and "Police misconduct (lying)" and

4

references the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution. (*See id.*) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As explained below, Gagnon's claims are not plausible as pled.

### A.      Individual Capacity Claims

As an initial matter, Gagnon's § 1983 claim based on an alleged violation of his *Miranda* rights is not plausible. Without further explanation, Gagnon asserts that Trooper Koza "violated my *Miranda* rights." (*See* Compl. at 5; *see also Miranda v. Arizona*, 384 U.S. 436, 479 (1966) (holding that when engaging in a custodial interrogation, police officers must inform a suspect that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning, if he so desires.").) This claim will be dismissed with prejudice because the United States Supreme Court has held that *Miranda* violations do not "provide[] a basis for a claim under § 1983." *Vega v. Tekoh*, 597 U.S. 134, 141 (2022); *see also id.* at 152 (reasoning that "a violation of *Miranda* is not itself a violation of the Fifth Amendment" and finding "no justification for expanding *Miranda* to confer a right to sue under § 1983").

Additionally, while Gagnon mentions "Due Process" and "Cruel & Unusual Punishment" in his Complaint, *see* Compl. at 3, such passing references are not sufficient to raise claims under these principles. *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it

provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018). Further, the Complaint does not provide any factual basis for claims under these concepts, so the Court will not discuss any such claims further.

The Court understands Gagnon to primarily allege that his Fourth Amendment rights were violated when he was arrested. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. As indicated by this language, "the underlying command of the Fourth Amendment is always that searches and seizures be reasonable." *New Jersey v. T.L.O.*, 469 U.S. 325, 337 (1985). For a seizure to be reasonable, the Fourth Amendment requires that the seizure be "effectuated with a warrant based on probable cause." *United States v. Robertson*, 305 F.3d 164, 167 (3d Cir. 2002).[5]

False arrest and false imprisonment are "nearly identical claims" that are generally analyzed together. *Brockington v. City of Philadelphia*, 354 F. Supp. 2d 563, 570 n.8 (E.D. Pa. 2005). To state a section 1983 claim for false arrest or false imprisonment, the plaintiff must

---

[5] It is well-settled that the temporary detention of an individual during a traffic stop is a "seizure" of "persons" under the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). Where police have directly witnessed a traffic violation, a traffic stop is a reasonable seizure under the Fourth Amendment. *See United States v. Moorefield*, 111 F.3d 10, 12 (3d Cir. 1997) ("[A] traffic stop is lawful under the Fourth Amendment where a police officer observes a violation of the state traffic regulations."); *see also Kansas v. Glover*, 589 U.S. 376, 386 (2020) (traffic stop was lawful where "[u]nder the totality of the circumstances of this case, Deputy Mehrer drew an entirely reasonable inference that Glover was driving while his license was revoked").

6

allege: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citation omitted); *see also Noviho v. Lancaster Cnty.*, 683 F. App'x 160, 164 (3d Cir. 2017) ("Fourth Amendment false imprisonment and false arrest claims rise and fall on whether probable cause existed for the arrest." (citation omitted)).  Therefore, Gagnon must allege facts sufficient to support a reasonable inference that Trooper Koza acted without probable cause.

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995) (citation omitted).  Courts "consider the existence of probable cause via a 'common sense approach' based on the totality of the circumstances, and viewed from the perspective of an objectively reasonable police officer." *Young v. City of Pittsburgh*, 562 F. App'x 135, 140 (3d Cir. 2014) (internal citation omitted).  The standard is "not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988).  "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).  In other words, for false arrest claims involving multiple charges, establishing probable cause on one charge insulates the defendant from liability.  *Bracken v. Twp. of Manor*, No. 23-1763, 2024 WL 4210535, at *3 (3d Cir. Sept. 17, 2024) (citing *Startzell v. City of Phila.*, 533 F.3d 183, 204 n.14 (3d Cir. 2008)).

While Gagnon asserts claims based on alleged violations of his Fourth Amendment rights in connection with this incident, he does not include sufficient factual allegations to support an inference that Trooper Koza violated his rights. Even though the public record indicates that the charges were later dismissed, this is not alone determinative of whether Trooper Koza had or did not have probable cause to make the October 26, 2022 arrest. *See Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) (holding that the fact that criminal charges were subsequently dismissed is irrelevant to the determination of whether probable cause existed in the first instance); *Shurney v. Scott's Econo Inn, Inc.*, No. 05-196, 2006 WL 1766813, at *5 (W.D. Pa. June 23, 2006) ("[T]he fact that the charges were dismissed at the preliminary hearing stage does not thereby negate the existence of probable cause to support Plaintiff's initial arrest and detention."); *Vassallo v. Timoney*, No. 00-84, 2001 WL 1243517, at *7 (E.D. Pa. Oct. 15, 2001) (quoting *DeFillippo*, 443 U.S. at 36 (noting that "[t]he validity of the arrest does not depend on whether the suspect actually committed the crime" and his later acquittal of the offense for which he is arrested is "irrelevant to the validity of the arrest")), *aff'd*, 40 F. App'x 734 (3d Cir. 2002).

While the handwritten portion of Gagnon's Complaint is lengthy, it is conclusory and undeveloped as to actual Fourth Amendment allegations. Without sufficient details, the court is unable to discern whether Gagnon can plausibly state a Fourth Amendment claim. *See, e.g., Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting [defendant] lacked probable cause to believe he had committed the offense for which he was arrested"); *Jenkins v. City of Philadelphia*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims because plaintiff failed to assert plausible claim of lack of probable

cause where plaintiff, while alleging he was twice arrested, did not have drugs in his possession, did not break the law, and police confiscated his property, "assert[ed] no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all allegations against them in the underlying criminal proceedings were false). Accordingly, Gagnon's Fourth Amendment claims will be dismissed.

      B.      **Official Capacity Claims**

Gagnon checked the box on the form Complaint to indicate that he intends to present claims against Defendant Koza in his official capacity as well as individual capacity. (*See* Compl. at 2.) Gagnon's claim for money damages against Trooper Koza, an employee of the Pennsylvania State Police, is not plausible. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The Commonwealth of Pennsylvania has expressly withheld consent and has not waived its Eleventh Amendment immunity. *See* 42 Pa. Cons. Stat. § 8521-22. Accordingly, the Court must dismiss Gagnon's damages claims

9

against the Trooper Koza in his official capacity because those are really claims against the Pennsylvania State Police. *See Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (*per curiam*) ("The District Court correctly determined that the Eleventh Amendment bars claims for damages against the PSP, a state agency that did not waive its sovereign immunity."). Thus, all official capacity claims for money damages against Trooper Koza will be dismissed with prejudice.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will grant Gagnon leave to proceed *in forma pauperis*. Any official capacity claim, claims for injunctive relief, as well as any § 1983 claim based on a violation of Gagnon's *Miranda* rights, will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Gagnon's Fourth Amendment claims will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) and he will be given leave to amend these claims. An appropriate Order follows.

BY THE COURT:

_____
**MARY KAY COSTELLO, J.**